BOUTALL, Judge.
This is an appeal from a judgment dismissing a motion to traverse the correctness of a garnishee’s answers to interrogatories.
Plaintiff-appellant, Harold Velez, was granted a default judgment against defendant-appellee, Earline C. Gonzales, wife of and Max J. Gonzales, in the amount of $2,500.00. In his effort to execute on the judgment, appellant attempted to garnish the cash surrender value of two insurance policies on the life of appellee Max J. Gonzales. The policies were issued by the Life Insurance Company of Virginia, garnishee and appellee.
In answering the garnishment interrogatories garnishee stated that it is the insurer on two life insurance policies which contain certain values but that none of those values are due and owing, that it is not directly nor indirectly indebted nor obligated to the defendant for any sum whatever. Plaintiff then filed a motion to traverse the answers of garnishee insurance company. The trial court dismissed the rule to traverse, holding the answers of garnishee to be good and sufficient. From this judgment plaintiff appeals.
Appellant argued below, and it is argued here, that the cash surrender value of a life insurance policy is an asset of the owner and is not exempt from seizure under LSA-R.S. 22:647 (A.) which reads as follows:
“§ 647. Exemption of proceeds; life, endowment, annuity
“A. The lawful beneficiary, assignee, or payee, including the insured’s estate, of a life insurance policy or endowment policy, heretofore or hereafter effected shall be entitled to the proceeds and avails of the policy against the creditors and representatives of the insured and of *622 the person effecting the policy or the estate of either, and against the heirs and legatees of either such person, and such proceeds and avails shall also be exempt from all liability for any debt of such beneficiary, payee, or assignee or estate, existing at the time the proceeds or avails are made available for his own use.”
Appellant contends that the cash surrender value of an insurance policy is not included under the term “proceeds and avails” of insurance policies which are exempt from seizure under LSA-R.S. 22:647. In making this assertion appellant relies upon Succession of Videau, 197 So.2d 655, La.App. 4th Cir. (1967). He reasons therefore that the cash surrender value is a fixed amount (according to a schedule in the policy) or debt which is owed by the insurer to the insured.
We do not feel that LSA-R.S. 22:647 (A.) or Succession of Videau, supra, are determinative of this appeal. We note that Videau involved assigned rights to a primary beneficiary. See LSA-R.S. 22:647 (E). We do find, however, that subsection D of LSA-R.S. 22:647 is determinative. Subsection D reads as follows:
“No person shall be compelled to exercise any rights, powers, options or privileges under any such policy of contract.” ’
The policies contain a number of options or privileges available to the insured should he decide to exercise them. Surrender of the policy for its cash value is only one such option. The record does not disclose that the insured has elected to exercise this option or any other policy option. Until the option is exercised the insurer cannot call for surrender of the policy and pay the surrender value.[1]
By allowing a creditor to seize the cash surrender value of an insurance policy the court would of necessity have to force the insured to exercise his option to cash in his policy. Subsection D prohibits this from taking place. Under either proposition, since the option has not been exercised, the insurer does not owe a debt to pay the cash surrender value. In this regard we additionally note the following authorities which we find informative, even though we are controlled by R.S. 22:647(D).
In 6 Am.Juris. (2d) Sec. 171, pg. 182 it is said:
“Even though a life insurance policy has a cash surrender value which is available to the insured at his option, it is held that where the insured has not exercised his option to surrender the policy for its cash surrender value, a creditor of the insured cannot obtain such cash surrender value by attachment or garnishment. In such a case there is no fixed liability or existing indebtedness on the part of the insurer.”
To the same effect is the text of 6 Couch on Insurance, 2nd Edition, page 380.
A very full annotation in 37 A.L.R.2d, pg. 286 contains a comment of the note writer reading:
“Even though a life insurance policy has a cash surrender value which is available to the insured at his option, it is quite uniformly held by the courts that where the insured has not exercised his option to surrender the policy for its cash surrender value, a creditor of the insured cannot obtain such cash surrender value by means of garnishment proceedings, the general view being that where the surrender option has not been exercised there is no such present fixed liability or existing indebtedness on the part of the' insurer to the insured as is requisite to the maintenance of garnishment.”
*623 The narrow issue before us is a rule to traverse the answers to interrogatories addressed to the garnishee. As pointed out, the garnishee has revealed the policies to the creditor and answered that no debts were due. The trial judge has held that the answers were good and sufficient and dismissed the rule. We agree and, for the reasons stated above, we affirm the judgment appealed from at appellant’s costs.
Affirmed.

. The policies contain non-forfeiture provisions automatically continuing the policies as Extended Term Insurance in the event of default in payment of premiums. It is represented to us, although no proof is shown in the record, that the insured has been missing since January 10, 1971.